FILE COPY



# Fourth Court of Appeals
## San Antonio, Texas

May 27, 2021

No. 04-21-00213-CV

**AIKG, LLC D/B/A ANDRETTI INDOOR KARTING & GAMES**,
Appellant

v.

**CSP CONSULTANTS GROUP, LLC**,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2018CI12924
Honorable Tina Torres, Judge Presiding

# O R D E R

Sitting:      Rebeca C. Martinez, Chief Justice
                Patricia O. Alvarez, Justice
                Lori I. Valenzuela, Justice

On May 4, 2021, appellant served appellee with a notice of hearing setting its special appearance before the trial court on May 19, 2021. On May 20, 2021, the trial court overruled appellant's special appearance. On May 25, 2021, appellant filed its notice of accelerated appeal with this court.

On May 26, 2021, appellant's "Emergency Motion for Stay" moved this court to stay all trial court proceedings pending its appeal of the trial court's order denying its special appearance. As a basis for requesting emergency relief, the motion recites that its response to appellee's motion for summary judgment on the merits is due on June 1, 2021—three business days. Appellant's certificate of conference recites appellee's opposition to the requested relief.

### AUTOMATIC STAY

A district court's interlocutory order denying a special appearance is immediately appealable. TEX. CIV. PRAC. & REM. CODE § 51.014(a)(7). Generally, an interlocutory appeal under subsection (a)(7) automatically stays the commencement of a trial in the trial court pending resolution of the appeal. *Id.* § 51.014(b). However, a denial of a special appearance under subsection (a)(7) is *not* subject to the automatic stay under subsection (b) *unless* the special appearance is filed and requested for submission or hearing before the trial court not later than the later of . . . (2) the 180th day after the date the defendant files (A) the original answer;

(B) the first other responsive pleading; or (C) where the plaintiff files an amended pleading that alleges a new cause of action against the defendant and the defendant is able to raise a defense to the new cause of action under subsection (a)(7), the responsive pleading that raises that defense. *Id.* § 51.014(c).

Appellant asserts that it is entitled to an automatic stay under subsection (c)(2)(C) "because the special appearance was filed and requested for hearing before the trial court not later than an amended pleading was filed by Plaintiff (Third Amended Petition) which alleged a new cause of action (fraud) against [appellant], and [appellant] has not filed a responsive pleading raising a defense to the new cause of action under Subsection (a)(5), (7), or (8), that raises a defense."

Because of the emergency nature of this motion, this court does not have before it a complete record. Based on the documents attached to the motion, we cannot say the automatic stay applies here. The petitions are not dated, so we cannot assess whether subsection (c)(2)(C) applies. Moreover, the fraud allegations in count four of the petitions are identical, so it does not appear that the Third Amended Petition alleged a new cause of action in the first instance. Lacking sufficient information to decide whether the automatic stay applies, we express no opinion on it.

### DISCRETIONARY STAY

Nevertheless, after perfection of an appeal from an interlocutory order, as here, this court has discretion to make any temporary orders necessary to preserve the parties' rights until disposition of the appeal. TEX. R. APP. P. 29.3. This court has exercised this discretion in the past to stay all trial court proceedings pending resolution of appeals of a trial court's denial of a special appearance. *See Oryx Capital Intern., Inc. v. Sage Apartments, L.L.C.*, 167 S.W.3d 432, 436–37 (Tex. App.—San Antonio 2005, no pet.). Here, the petitions reflect plaintiff seeks significant actual and exemplary damages. Both parties are represented by counsel. At this time, "[w]e believe [appellant] should not be required to submit to the expense and inconvenience" of adjudication of the underlying merits pending resolution of the appeal of the special appearance. *See id.*

Accordingly, all further proceedings at the trial court level are STAYED pending further order of this court. **No later than June 4, 2021**, appellant is ORDERED to file a supplemental brief that either (1) contains all documents necessary to support its claim to an automatic stay, or (2) informs this court that it no longer believes it is subject to an automatic stay. In its brief, appellant may also present arguments and authority justifying the continued imposition of a discretionary stay. Appellee may file a response **no later than June 18, 2021**.

_____
Lori I. Valenzuela, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 27th day of May, 2021.

FILE COPY



MICHAEL A. CRUZ, Clerk of Court